1
Karyn H. Bucur, Esq.
State Bar No. 158608
2
24881 Alicia Parkway
#E193
3
Laguna Hills, California 92653
(949) 472-1092
4
Attorney for Petitioner
5
Manuel Mendoza

FILED
CLERK, U.S DISTRICT COURT

SEP 3 0 2003

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

6

7

8

9            UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12   MANUEL MENDOZA,                )   Case No.: CV 03-06194 SJO
                                    )
13            Petitioner,           )   **DEATH PENALTY CASE**
                                    )
14       v.                         )   EX PARTE APPLICATION BY KARYN
                                    )   H. BUCUR, ESQ. FOR APPOINTMENT
15                                  )   OF SECOND COUNSEL; MEMORANDUM
                                    )   OF POINTS AND AUTHORITIES;
16   JEANNE WOODFORD, Warden of     )   DECLARATION OF KARYN H. BUCUR,
     California State Prison at San )   ESQ.; PROPOSED ORDER FILED
17   Quentin,                       )   SEPARATELY
              Respondent.           )
18                                  )
                                    )
19   _____)

20

21       COMES NOW the petitioner Manuel Mendoza through his

22   appointed counsel Karyn H. Bucur, Esq., and respectfully moves

23   this Court pursuant to Local Rules 83-17.1 and 83-17.4 for the

24   appointment of Tina Long Rippy, Esq. as second counsel for

25   petitioner.

26       This ex parte application is based on the records and

27   files of this case, the attached memorandum of points and

28   authorities and the attached declaration of Karyn H. Bucur, Esq.

ENTERED ON ICMS

OCT - 1 2003

Ex Parte Application - CV

On September 29, 2003, counsel spoke to Mr. Paul Roadarmel, deputy attorney general, and he informed her that he objects to second counsel being appointed on this case. According to the state court dockets and the California Supreme Court opinion, Mr. Roadarmel represented the People in both the direct appeal and the habeas petition.

Dated:  September 29, 2003

Karyn H. Bucur
Counsel for Mr. Mendoza

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   Procedural Status

Petitioner was tried and convicted in the Los Angeles Superior Court of residential robbery, robbery, kidnapping for purposes of robbery, commercial burglary, forcible rape, arson with great bodily injury, and murder charges involving four separate incidents.   The offenses took place in February 1986. The petitioner was sentenced to death.   The conviction was affirmed in August 2000.   The United States Supreme Court denied the petition for writ of certiorari on May 21, 2001.

On November 5, 1997, the petitioner filed a petition for a writ of habeas corpus in the state court.   This petition was denied on August 13, 2003.

On August 29, 2003, petitioner filed a request for appointment of counsel and for stay of execution of death sentence in the United States District Court for the Central District of California.   On September 9, 2003, the undersigned counsel was appointed to represent petitioner in the district court.

2.   **Request for Appointment of Second Counsel**

Title 21 United States Code section 848(q)(7) provides, in relevant part, that the "court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible death penalty and to the unique and complex nature of the litigation."   Counsel is requesting that this Court appoint Tina Long Rippy, Esq. as second counsel in this proceeding.

Counsel is a sole practitioner.   Counsel estimates that pursuant to Title 28 United States Code section 2244(d)(1), the statute of limitations for the filing of a petition for a writ of habeas corpus in federal court will expire in approximately twelve months, barring any tolling of the statute. [Please note:   Counsel intends on filing in the near future a Motion for Order Establish Commencement of Statute of Limitations for Filing Petition For Writ of Habeas Corpus.]

Counsel is in the process of collecting the record and files from petitioner's prior counsel, the State Public Defender. Counsel has already received the 5700 pages of Reporter's and Clerk's Transcript and the Petition for Writ of Habeas Corpus (519 pages) and the 9 volumes of appendices in support of the petition. Counsel has been informed that there are still several boxes of record and related material to be forwarded to her.

Based on a cursory review of available information, counsel has learned that there are over thirty (30) issues and subissues related to the direct appeal. The published opinion reveals that petitioner did not present any evidence at the guilt phase of his trial and presented very limited evidence at his penalty phase. People v. Mendoza, 24 Cal. 4th 130, 153, 154, 99 Cal. Rptr. 2d 485 (2000). Because of the lack of evidence presented at both phases of petitioner's trial, his state attorneys were required to conduct an extensive amount of investigation which resulted in the 519 page petition for a writ of habeas corpus. The petition contains approximately 29 issues and 100 subissues. Despite this huge effort by petitioner's attorneys in the state court, counsel has been informed by petitioner's prior attorneys that further investigation concerning petitioner's guilt phase and penalty phase may be

necessary.   Therefore, counsel will be required to investigate and litigate these issues.

Given the limited amount of time available to counsel and her own limited resources, counsel respectfully submits good cause exists in this case for appointment of second counsel.

3.   **Appointment of Tina Long Rippy, Esq.**

The Local Rules provide that second counsel may be appointed "if the assigned judge...determines that second counsel is necessary."   Local Rule 83-17.4(b)(ii).   Under the Local Rules, the normal method of appointing second counsel would be to refer the matter to the Death Penalty Committee for appointment of second counsel from a panel of qualified attorneys.   However, the Court is not required to follow this procedure and may make its own direct appointment.   Local Rule 83-17.1, discussing the applicability of the special requirements for habeas corpus petitions involving the death penalty, provides that "the application of this rule may be modified by the judge to whom the case is assigned."

Counsel is requesting the Court directly appoint Tina Long Rippy, Esq. as second counsel, rather than refer the matter back to the Death Penalty Committee, for the following reasons:

a.   Tina Long Rippy is "qualified" second counsel within the meaning of Title 21 United States Code section

848(q)(6) ("admitted to practice in the court of appeals for not less than five years, and must have had not less than three years' experience in the handling of appeals in felony cases".)  Ms. Rippy has been an attorney for eleven years and has served on the Ninth Circuit Indigent Appellate Panel in the Central District of California since 1995.

b.   As set forth in the attached declaration, Ms. Rippy has indicated a willingness to accept this appointment. Counsel has known Ms. Rippy for fifteen years.  Over the years counsel and Ms. Rippy have worked together and continually consult with each other and have developed a close relationship of respect and trust of one another.

c.   As mentioned above, there are well over 100 legal issues to evaluate and possible new issues.  If Ms. Rippy is appointed on this case, counsel plans on dividing the responsibilities so that the efforts are not duplicated.

d.   During the preliminary discussions concerning appointment in this case with Randall J. Schnack, CJA Supervising Attorney, Central District of California, counsel was informed that the Court has discretion to appoint someone outside the panel as second counsel.  This fact weighed strongly in counsel's decision to accept this appointment due to 100 plus legal issues to evaluate in this case.

e.   Due to the anticipated legal work stated above, and the short time period to prepare the petition under the statute, counsel believes she cannot effectively represent petitioner without co-counsel.

f.   Furthermore, there were always two attorneys assigned to the case while the case was in the State Public Defender's office.

g.   In addition, counsel requests that Ms. Rippy be appointed as "co-counsel" and be compensated at the same rate as counsel.   Counsel and Ms. Rippy share a common background in terms of their qualifications to represent the petitioner. Counsel intend on sharing the work equally.   Counsel plan on beginning the investigation and preparation of the petition by reading and digesting the trial transcript, identifying claims, speaking with the client and former counsel, and then divide the responsibility for specific claims.

h.   Accordingly, it is counsel's request that they be compensated at the same hourly rate.


4.   **Conclusion**

Based on this Court's authority under Title 21 United States Code section 848(q)(7) and Local Rule 83-17 et seq., and the good cause set forth herein and in the attached declaration,

counsel respectfully requests that the Court appoint Tina L.
Rippy, Esq. as co-counsel is this case at the rate of $125.00.

Dated:  September 29, 2003

*Karyn H Bucur*

Karyn H. Bucur
Counsel for Mr. Mendoza

### Declaration of Karyn H. Bucur

    1.   I am an attorney at law.  On or about September
3, 2003, I spoke telephonically with Randall J. Schnack, CJA
Supervising Attorney, Central District of California.  Mr.
Schnack advised me that I had been selected to represent Manuel
Mendoza in the matter pending before the Court.

    2.   I immediately contacted Gary Garcia, deputy state
public defender, Mr. Mendoza's prior counsel, to learn more
about the nature of the case and the length of the record.  Mr.
Garcia faxed to me the table of contents of Mr. Mendoza's
petition for a writ of habeas corpus filed in the state supreme
court.  The table of contents reveals that the 519 page petition
contains approximately 29 issues and 100 subissues.

    3.   I also read the published opinion from Mr.
Mendoza's direct appeal and learned that he did present any
evidence for his defense in the guilt phase and limited evidence
in the penalty phase.  I knew this meant that extensive
investigation may necessary in order to be effective in this

case.    The published opinion also revealed there are approximately 30 issues and subissues to explore.

4.    A couple days later I spoke with Mr. Schnack again and advised him that I would accept the appointment.    My decision to accept the case was strongly based on the fact that the Court has discretion to appoint second counsel in death penalty capital cases.

5.    I have known Ms. Rippy for approximately 15 years.    She was admitted to the California State Bar in 1992 and has served on the Ninth Circuit Indigent Appellate Panel in the Central District of California since 1995.    We have worked together on cases and continually consult with each other.    We have relationship based on mutual respect and trust.

6.    On September 19, 2003, I met with Ms. Rippy for a couple of hours and we discussed how we would handle this case if Ms. Rippy is appointed.    It is our intent, if Ms. Rippy is appointed, to each review the trial transcript and clerk's transcript.    We will then identify claims and divide up the work so that our efforts do not overlap.

7.    Ms. Rippy has informed me that she is willing to accept appointment as co-counsel in this case.

8.    On September 26, 2003, I spoke with Sara Pheiss, Esq. and Gary Garcia, Esq., Mr. Mendoza's prior attorneys, and they both informed me that further investigation may be

necessary regarding issues relating to both the guilt and penalty phase.

9. The reporter's transcript and the clerk's transcript consist of 5700 pages. I was informed by Gary Garcia, deputy state public defender that there are still several boxes of record and related material to be forwarded to me.

10. Based on my preliminary evaluation, I believe that the statute of limitations may expire in approximately 12 months in this case barring any tolling of the statute. Due to the 100 plus legal issues and investigation of possible new issues in the guilt and penalty phase, I believe it is necessary to appoint second counsel to equally share the responsibility to file the petition for a writ of habeas corpus.

11. On September 29, 2003, I spoke with Paul Roadarmel, and I informed him of the nature of this ex parte application. Mr. Roadarmel informed me objects to second counsel being appointed on this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: September 29, 2003

Karyn H. Bucur

Karyn H. Bucur

1

## CERTIFICATE OF SERVICE

2

3    I, the undersigned declare:  that I am a citizen of the
United States and a resident of Orange County and employed in
4    Laguna Hills, California; that my business address is 24881 Alicia
Parkway, E193, Laguna Hills, California 92653; that I am over the
5    age of 18 years; that I am not a party to the above-entitled
action; that I placed in a U.S. Post Box in the City of Laguna
6    Hills, on, a copy of EX PARTE APPLICATION FOR APPOINTMENT OF
SECOND COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES;, DECLARATION
7    OF Karyn H. Bucur, AND PROPOSED ORDER  addressed to:

8    SEE ATTACHED LIST

9

10

11   This Certificate is executed on the date shown below, at Laguna

12   Hills, California.

13   Karyn H. Bucur

14

15   Dated: September 29, 2003

16

17

18

19

20

21

22

23

24

25

26

27

28

1  CV  03-6194  SJO:     Manuel
2  Mendoza v. Jeanne Woodford
   Service  List  re:       Order
3  Appointing Counsel

4

5  Maria E. Stratton               Keith   Borjon,   Capital   Case
   Federal Public Defender         Coordinator
6  321 East Second Street          Deputy Attorney General
   Los Angeles, CA 90012           300 South Spring Street
7                                  #8003
                                   Los Angeles, CA 90013
8  Manuel Mendoza
   CDC #E-06400
9  San Quentin, CA 94974           Gary D. Garcia
                                   Deputy  State  Public  Defender
10 Paul Roadarmel                  221 Main Street, 10th Floor
   Deputy Attorney General         San Francisco, CA 94105
11 300 South Spring Street, #5018
12 Los Angeles, CA 90013

13 Michael G. Millman
   California Appellate Project
14 One Ecker Place, Suite 400
15 San Francisco, CA  94105

16 Lauren Weis, Deputy Attorney
   County  of  LA,  Appellate
17 Division
18 210 West Temple, 18th Floor
   Los Angeles, CA 90012
19

20 Clerk of Court
   Los Angeles Superior Court
21 111  North  Hill  Street,  Room
   105E
22 Los Angeles, CA 90012

23 Jeanne Woodford, Warden
24 San Quentin State Prison
   San Quentin, CA 94974
25

26 Death   Penalty   Habeas   Law
   Clerks
27 U.S. District Court
   312 North Spring Street
28 Los Angeles, CA 90012