KARYN BUCUR
Attorney at Law
State Bar No. 158608
24881 Alicia Parkway, #E-193
Laguna Hills, California 92653
Telephone: (949) 472-1092

DARLENE RICKER
Attorney at Law
State Bar No. 151653
29170 Heathercliff Road, Suite 4
Malibu, California 90265
Telephone: (310) 457-8600

Attorneys for Petitioner
Manuel Mendoza

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MANUEL MENDOZA,<br><br>    Petitioner,<br><br>v.<br><br>JEANNE WOODFORD, Warden of California State Prison at San Quentin,<br><br>    Respondent. | ***DEATH PENALTY***<br><br>CASE NO. CV 03-06194 SJO<br><br>DECLARATIONS OF COUNSEL IN SUPPORT OF MOTION BY PETITIONER TO EXTEND THE DUE DATE FOR FILING THE PETITION FOR WRIT OF HABEAS CORPUS, AND FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS<br><br>[NOTICE OF MOTION AND MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES, FILED CONCURRENTLY]<br><br>Date: July 19, 2004<br>Time: 10:00 a.m.<br>Crtrm: Hon. S. James Otero |

DOCKETED ON CM
JUN 22 2004
BY _____ 021

# DECLARATION OF KARYN BUCUR

**Declaration of Karyn H. Bucur**

1. I am an attorney duly licensed to practice before the bar of this Court. I am one of two appointed counsel of record for petitioner Manuel Mendoza in the above-entitled case.

2. All of the facts stated herein are true of my personal knowledge or upon information and belief, and if called upon to testify thereto, I could and would do so competently.

3. This declaration is made in support of the attached Motion for Equitable Tolling.

4. On September 9, 2003, an order was issued appointing me to this case.

5. On September 29, 2003, I served an *ex parte* application for an order appointing second counsel. While that application was pending before this Court, I learned that the attorney that agreed to work with me could no longer serve on the Ninth Circuit Indigent Appellate Panel.

6. On October 25, 2003, while the first application for second counsel was pending, I served a second ex parte application for an order appointing second counsel. That application was granted on November 10, 2003.

7. During late November 2003 and early to mid-December 2004 I received a total of eighty-seven (87) boxes of case files from petitioner's prior counsel.

Declaration of Karyn H. Bucur - 1

8. On December 19, 2003, Mr. Hector Flores, a representative from Concord Document Services, Inc. picked up the eighty-seven boxes (87) from me.

9. On Saturday, January 17, 2004, I received a copy of the Court's order authorizing funds to photocopy the items in the boxes.

10. On Tuesday, January 20, 2004, (Monday was a federal Holiday), I contacted Hector Flores at Concord Document Services to inform him that the Court authorized the funds to photocopy the boxes. Mr. Flores told me that the copy work would be completed within two to three weeks from January 20, 2004. Mr. Flores said he could not complete the copy work until he received funding authorization from the court.

11. On January 29, 2004 and February 16, 2004, a representative from Concord Document Services returned the boxes to me.

12. During the times I had the case file in my possession, I have been diligently reviewing and analyzing the record. At the time of this writing, I have spent approximately 87 hours reviewing the record.

13. Before I accepted this case, I contacted prior counsel to ascertain the size of the record and files. I was informed that the record [Clerk's Transcript and the Reporter's Transcript] was approximately 6,000 pages. I was told that

Declaration of Karyn H. Bucur - 2

there were also some boxes. I had no idea that the entire record would be comprised of 87 boxes. Based on the copy service invoice, I estimate that there are approximately 181,428 pages of documents in addition to the Clerk's Transcript and Reporter's Transcript.

14. In order to effectively and timely prepare the petition in this case, I have made drastic changes to my law practice. I have reduced my case load of other cases to the lowest extent possible in order to be full time on this case. I am taking a hiatus from the federal indigent appellate panel and the California Appellate Project. In addition, I have resigned from accepting any new cases from a law firm that I am "of counsel" for appeals. I have worked with this law firm since December 2000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: April 9, 2004

*Karyn H. Bucur*
Karyn H. Bucur

Declaration of Karyn H. Bucur - 3

# DECLARATION OF DARLENE RICKER

# DECLARATION OF COUNSEL
# [DARLENE RICKER]

I, DARLENE RICKER, state and declare as follows:

1. I am an attorney duly licensed to practice law in the state of California and before the bar of this Court. All of the facts stated herein are true of my personal knowledge or upon belief and information and if called upon to testify thereto, I could and would do so competently.

2. This declaration is made in support of Petitioner's Motion for Equitable Tolling, filed concurrently.

3. I contacted Deputy Attorney General Paul Roadarmel, counsel for Respondent, and informed him that this motion would be filed on behalf of Mr. Mendoza. Mr. Roadarmel stated that he intends to file a written Opposition to this motion.

4. On November 10, 2003, I was appointed as co-counsel to represent Petitioner Manuel Mendoza ("Mr. Mendoza") in the above-captioned case. Since that date, I have diligently worked toward preparation of Mr. Mendoza's federal habeas petition (the "petition"), as reflected in the CJA vouchers submitted to date.

5. The instant case is a federal capital habeas matter under the AEDPA.

6. During the past eight years, I have assisted or been appointed counsel of record in approximately six capital habeas matters in this district, the Northern District of California, and the Supreme Court of California.

7. Based upon my experience and my initial review of the files and record below in this case, I do not believe that an adequate petition can be filed on behalf of Mr. Mendoza by the current due date of August 13, 2004. My reasons are as follows:

1

(a) I did not receive the record or prior counsel's file in the instant case until three months after my appointment date, and thus could perform no substantial work during that time period (November 10, 2003 to February 6, 2004);

(b) This case is approximately three times the size (in terms of document pages) of most capital habeas cases I have handled. Mr. Mendoza's files contain more than 180,000 pages. In contrast, *Bradford v. Woodford*, CV-98-6453-RSWL, in which I have been lead counsel for the past 5 years, has a record and trial counsel document count of approximately 60,000 pages. In *Bradford*, the Hon. Ronald S.W. Lew granted 5 months of equitable tolling, in part because of the voluminous file; and

(c) This case is one of the most extensive in terms of number of habeas issues that I have ever seen. Based upon my review to date, there are at least 29 issues and 100 sub-issues from Mr. Mendoza's state habeas petition, plus another 35 issues stemming from his state direct appeal, that appear viable and must be analyzed for inclusion in the federal petition. (In contrast, the *Bradford* federal petition contained only 20 claims for relief.)

8. Based on the foregoing, I believe that six (6) months or 180 days of equitable tolling are reasonable and necessary for the adequate preparation of the federal petition in the instant case. I further believe that an additional 59 days of tolling should be granted for the time during which co-counsel Karyn Bucur did not have possession of the files (*see*, Bucur Decl.)

Case 2:03-cv-06194-JGB   Document 24   Filed 06/21/04   Page 9 of 10   Page ID #:2899

9.     Therefore, I request that a total of 239 days of equitable tolling be granted and that the due date for the petition be extended from the current due date of August 13, 2004, up to and including April 11, 2005.

Executed this 21st day of June, 2004, under penalty of perjury under the laws of the United States of America, at Malibu, California.

*[signature]*
DARLENE RICKER

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 29170 Heathercliff Road, # 4, Malibu, California 90265.

At the direction of a member of the bar of this Court, I served the foregoing document described as **"DECLARATIONS OF COUNSEL RE: EQUITABLE TOLLING MOTION"** on June 21, 2004, on all interested parties in this action as follows:

Paul Roadarmel, Esq.
Deputy Attorney General
Office of Attorney General of California
300 S. Spring St., Ste. 500
Los Angeles, CA 90013-1204

[ x ]  By personal service, I caused said document to be personally delivered to the office(s) of the addressee(s) via messenger.


Executed on June 21, 2004, at Malibu, California. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

KAREN VAN HOEPEN