KARYN H. BUCUR
State Bar Bo. 158608
24881 Alicia Parkway # E193
Laguna Hills, California 92653
Telephone: (949) 472-1092
Facsimile: (949) 470-1244

DARLENE M. RICKER
29170 Heathercliff Road, Ste. 4
Malibu, California 90265
Telephone: (310) 457-8600
Facsimile: (310) 457-8602

Attorneys for Petitioner
Manuel Mendoza

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (WESTERN DIVISION)

| | |
|---|---|
| MANUEL MENDOZA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JEANNE WOODFORD, Warden,<br><br>　　　　Respondent. | Case No. CV 03-6194-SJO<br><br>**SUPPLEMENTAL APPLICATION FOR AUTHORIZATION TO OBTAIN PARALEGAL SERVICES UNDER THE CJA BUDGET; DECLARATION OF DARLENE RICKER**<br><br>[PROPOSED] ORDER LODGED<br><br>***CAPITAL CASE*** |

Petitioner Manuel Mendoza, by and through his counsel of record, hereby requests authorization from this Court to obtain additional paralegal services under the Criminal Justice Act budget. This supplemental application is based upon the attached declaration of counsel, Darlene Ricker, and upon all files and records in the instant case.

June 21, 2004

　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　_/s/ DMRicker_
　　　　　　　　　　　　　　　　　　　　　　　Darlene M. Ricker
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Petitioner
　　　　　　　　　　　　　　　　　　　　　　　Manuel Mendoza

# DECLARATION OF COUNSEL [DARLENE RICKER]

I, DARLENE RICKER, state and declare as follows:

1. I am an attorney duly licensed to practice law in the state of California and before the bar of this Court. All of the facts stated herein are true of my personal knowledge or upon belief and information and if called upon to testify thereto, I could and would do so competently.

2. I am appointed as co-counsel with attorney Karyn Bucur to represent petitioner Manuel Mendoza in the above-captioned case.

3. This declaration is made in support of Petitioner's Supplemental Application for Authorization to Obtain Paralegal Services Under the CJA Budget.

4. The instant case is a federal capital habeas matter under the AEDPA.

5. On January 15, 2004, the Court granted petitioner's original Application for Authorization to Obtain Paralegal Services Under the CJA Budget ("the application"). The Court appointed Karen Van Hoepen for an initial 100 hours at $35 per hour to assist both of petitioner's counsel ("counsel") with document organization. My declaration in support of the application stated that should additional paralegal services be needed before petitioner's proposed case budget has been submitted, a supplemental application would be filed.

6. As of April 23, 2004, Ms. Van Hoepen had performed 123.9 hours of paralegal services. It did not come to my attention that the initial 100 approved hours had been exceeded until Ms. Van Hoepen's voucher was rejected by the CJA Office. (The amount denied was $836.50, which equals 23.9 hours @ $35 per hour.)

Because it has been necessary for her paralegal tasks to continue to be performed, additional paralegal hours have been expended since that time.

7. I apologize to the Court for inadvertently having permitted these unapproved paralegal services to be performed. In the future, I will personally check all expert vouchers before they are submitted to ensure the hours for which compensation is requested fall within the approved amount. I have instructed the paralegal to notify me one week before she anticipates needing approval for more hours.

8. Counsel have been engaged in drafting procedural motions and preparing a proposed budget. 1 At the same time, counsel have been reviewing the record. The assistance of a paralegal has been and remains necessary so that while counsel are so engaged, the case may be advanced through indexing and organizing of the trial files. Such organization will enable counsel to prepare the petition and compile the exhibits in an expeditious manner.

9. Based on the foregoing, petitioner requests that Karen Van Hoepen be authorized to perform an additional 300 hours of paralegal services at $35 per hour, not to exceed $10,500 (total cumulative authorization $14,000). It is also requested that such order be made *nunc pro tunc* to April 1, 2004, so that Ms. Van Hoepen may be compensated for her work to date performed without authorization.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. This declaration was executed at Malibu, California, on June 21, 2004.

_____
DARLENE RICKER

---

1 Petitioner's [Proposed] Phase I/II Budget will be filed *under seal* no later than June 25, 2004.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 29170 Heathercliff Road #4, Malibu, California 90265.

At the direction of a member of the bar of this Court, I served the foregoing document described as "**SUPPLEMENTAL APPLICATION FOR AUTHORIZATION TO OBTAIN PARALEGAL SERVICES UNDER THE CJA BUDGET**" on June 21, 2004, on all interested parties in this action as follows:

**Paul Roadarmel, Esq.**
**Deputy Attorney General**
**Office of Attorney General of California**
300 S. Spring St., Ste. 500
Los Angeles, CA 90013-1204

**Death Penalty Law Clerks**
**United States District Court**
312 N. Spring Street – 8th floor
Los Angeles, CA 90012

(   )   By mail, I caused said document to be placed in an envelope, with postage thereon fully prepaid, in the United States mail at Malibu, California.

(   )   By facsimile, I caused said document to be transmitted for immediate receipt to the office(s) of the addressee(s) listed above/on the attached service list to the corresponding facsimile number(s) indicated by "*."

( X )   By personal service, I caused said document to be personally delivered to the office(s) of the addressee(s) via messenger.

(   )   By Federal Express, I caused said document to be delivered for overnight/next business to the office(s) of the addressee(s).

Executed on June 21, 2004, at Malibu, California. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

KAREN VAN HOEPEN