1  KARYN BUCUR
   Attorney at Law
2  State Bar No. 158608
   24881 Alicia Parkway, #E-193
3  Laguna Hills, California 92653
   Telephone: (949) 472-1092
4  Facsimile: (949) 470-1244
   Email: khbucur@cox.net

5  DARLENE RICKER
6  Attorney at Law
   State Bar No. 151653
7  24955 Pacific Coast Hwy, Suite A204
   Malibu, California 90265
8  Telephone: (310) 457-8600
   Facsimile: (310) 457-8602
9  Email: dmricker@aol.com

10 Attorneys for Petitioner
   Manuel Mendoza

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MANUEL MENDOZA, | ***DEATH PENALTY*** |
| | CASE NO. CV 03-06194 SJO |
| Petitioner, | REQUEST FOR RELIEF OF CO-COUNSEL AND FOR APPOINTMENT OF SUBSTITUTE CO-COUNSEL FOR PETITIONER; DECLARATIONS OF DARLENE RICKER, KARYN BUCUR AND TRACY J. DRESSNER |
| v. | |
| STEVEN W. ORNOSKI, Warden of California State Prison at San Quentin, | [PROPOSED ORDER LODGED] |
| Respondent. | |

REQUEST TO BE RELIEVED AS CO-COUNSEL & FOR APPOINTMENT OF SUBSTITUTE COUNSEL

Darlene Ricker and Karyn Bucur, co-counsel for petitioner Manuel Mendoza in the above-captioned case, hereby request that Ms. Ricker be relieved from the instant representation and that Tracy J. Dressner be appointed as substitute co-counsel.

Ms. Dressner, a highly experienced capital habeas attorney, was previously found qualified for the maximum capital rate and was appointed at $163 hourly in the Ninth Circuit (*Davis v. Woodford*, CA #01-9901, #CV-96-2443-DT). Petitioner requests that Ms. Dressner be appointed at that rate.

This request is made pursuant to this Court's authority under Title 21 United States Code section 848(q)(7) and Local Rule 83-17 *et seq.*, and the good cause set forth herein and in the attached declarations of Darlene Ricker, Karyn Bucur, and Tracy J. Dressner.

Respectfully submitted,

KARYN H. BUCUR
DARLENE M. RICKER

DATED: May 9, 2006

*/s/ Darlene M. Ricker*
Darlene M. Ricker
Counsel for Petitioner,
MANUEL MENDOZA

2

# DECLARATION OF COUNSEL
# [DARLENE RICKER]

I, DARLENE RICKER, state and declare as follows:

1. I am an attorney duly licensed to practice law in the state of California and before the bar of this Court. All of the facts stated herein are true of my personal knowledge or upon belief and information and if called upon to testify thereto, I could and would do so competently.

2. This declaration is made in support of the attached request that I be relieved from the instant representation and that substitute counsel be appointed in my place.

3. On November, 10, 2003, I was appointed as co-counsel for Mr. Mendoza upon the written application of Karyn Bucur, who is lead counsel for Petitioner.

4. When I accepted the instant appointment, I did so in good faith and with the expectation that I would remain on the case until the conclusion of these federal proceedings. However, due to unforeseen circumstances regarding the nature of my practice and my health (as set forth below), I have become unable to adequately assist Ms. Bucur as co-counsel.

5. Ms. Bucur and I have consulted extensively about this issue on our own time and have mutually agreed that it is in the best interests of the client and the litigation that I be replaced with substitute counsel who has federal capital habeas experience.

6. My need to withdraw from the representation is based upon the following:

(a) When I accepted appointment on this case in November, 2003, my practice was almost completely appellate and post-conviction work. I had one other pending capital habeas matter (*Bradford v. Woodford*, #CV-98-6453-RSWL), in which the federal proceedings had been stayed pending state exhaustion. As the exhaustion petition had already been filed, the case was inactive. Thus, my practice and caseload at the time of my appointment on the instant case were structured in a way that allowed me sufficient time to devote to the duties of second counsel for Mr. Mendoza;

(b) In June 2003, I had applied for appointment to the CJA Indigent Panel, but had been informally advised that I was not going to be selected for appointment to the 2004 panel. Thus, I did not

anticipate having an active trial caseload during the litigation of the instant federal capital habeas matter;

(c) In December 2003, I was unexpectedly notified that I had been appointed to the District Court trial panel as of January 1, 2004. That appointment dramatically changed the daily demands on my time. I frequently found myself in District Court and inaccessible to Ms. Bucur at critical times during the instant litigation. For example:

(i) Throughout the month of July, 2005, I was engaged in a complex trial (*US v. Reed, et al*, #CR-03-84A-VAP) in the Eastern Division of this Court. I had to reside in a hotel in Riverside, approximately 100 miles from my home and office, during the trial and deliberations. Trial concluded on July 28, 2005. The Petition in the instant case was due only a few days later, on August 2, 2005;

(ii) While engaged in the *Reed* trial, I diligently participated as much as possible in preparing the portions of the Petition in the instant case. However, I found it necessary to focus on the *Reed* matter 16 to 18 hours a

day during trial (in which my client faced a mandatory life sentence). This left little time for me to work on the Mendoza petition; and

(iii) When the *Reed* trial concluded, I rested for one day (a Friday) and then drove 70 miles to Ms. Bucur's office, where we jointly worked all weekend to timely complete and file the Petition, which we did.

(d) The foregoing is but one example of the many extended periods of time when I have been unable to adequately serve as co-counsel in this matter. Due to the demands of my trial practice, and because several times since my appointment on the instant case I became extremely ill due to overwork and exhaustion, Ms. Bucur has consistently had to shoulder the major burden of moving this litigation forward. [For example, as reflected on our CJA vouchers, Ms. Bucur spent eight (8) times the number of hours I did on drafting the petition.]

(e) I do not expect my availability to increase during the pendency of this matter due to the following circumstances, which were also unforeseen when I accepted the instant appointment:

(i) After having been stayed for 4 years, the federal proceedings in the *Bradford* capital habeas matter [*see* para. 6(a)] were suddenly reactivated in October 2005;

(ii) On April 26, 2005, Judge Lew granted my request to perform extensive discovery in *Bradford*. This includes the taking of more than a dozen depositions, which I must immediately begin preparing for and scheduling; and

(iii) I am in preparation for several lengthy federal trials in which my clients have rejected plea offers and have unequivocally stated their desire to proceed to trial, including: *U.S. v. Yepiz, et al* (#CR-05-578A-JFW; August 8, 2006 trial; 6-9 month estimate); *U.S. v. Woodland, et al* (#CR-05-668-MMM; January 9, 2007 trial; 4-6 month estimate); and *U.S. v. Lipton, et al* (#CR-05-316-DSF; June 4, 2007 trial; 3-month estimate). I am also preparing for the trial on behalf of a capital-eligible defendant in *U.S v. Murillo, et al* (#CR-05-69B-VAP; no trial date set). Thus, I will be effectively unavailable to function in any meaningful way in the instant case for at least the next 12 months.

7. To reduce any impact to the CJA budget if I am relieved and substitute counsel is appointed, I am willing to forgo payment for all services I have performed in 2006 on this matter (my last voucher payment was for work performed through calendar year 2005.) In addition, I will promptly deliver my case file (approximately 100 banker's boxes) to successor counsel at my own expense.

8. I apologize to the Court for any inconvenience the instant request may cause with regard to the expeditious resolution of Petitioner's case. I understand and accept that I have a continuing responsibility to Mr. Mendoza and to the Court to fulfill the duties of the instant representation. Should the Court decline to relieve me and to appoint substitute counsel, I will, to the best of my abilities, fulfill my duties as co-counsel on this matter.

Executed this 9th day of May, 2006, under penalty of perjury of the laws of the United States of America, at Malibu, California.

_____
DARLENE M. RICKER

# DECLARATION OF KARYN H. BUCUR

## DECLARATION OF KARYN H. BUCUR

1. I am an attorney at law. I am licensed in the State of California and before the bar of this Court. All of the facts stated herein are true of my personal knowledge or upon belief and information and if called upon to testify thereto, I could and would so competently.

2. In November 2003, I approached Ms. Darlene Ricker and asked her if she would consider serving as co-counsel in this death penalty case. I selected Ms. Ricker due to her federal capital habeas experience. Even though, I am very experienced federal appellate attorney with many cases in the United States Court of Appeals for the Ninth Circuit and I have had two cases in the United States Supreme Court, I had not yet been assigned a federal capital habeas death penalty case.

3. In April 2006, Ms. Ricker informed me that she is unable to continue to serve as co-counsel due to health concerns and her current and future caseload. Because I cannot effectively represent Mr. Mendoza without an experienced federal capital habeas litigator, I agreed to move for substitute counsel.

4. Ms. Tracy J. Dressner was highly recommended to me by two attorneys in the Federal Public Defender's Office and from a private attorney who is experienced in federal death penalty cases in this district. These three attorneys attested to Ms. Dressner's superior knowledge and experience in capital federal habeas corpus litigation.

5. I was impressed with the fact that Ms. Dressner served as a judicial law clerk for the United States District Court for the Central District of California for five years working exclusively on federal habeas corpus death penalty matters. Also, Ms. Dressner described to me her capital federal habeas corpus experience.

6. I spoke at length with Ms. Dressner about the case and described to her the legal posture of the case and the issues involved. I also forwarded the petition to her for her review. Ms. Dressner has agreed to join me as co-counsel in this capital federal habeas corpus case. Ms. Dressner's capital federal corpus experience is necessary for the continued effective representation of the petitioner in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: May 2, 2006

_Karyn H. Bucur_
Karyn H. Bucur

10

# DECLARATION OF TRACY M. DRESSNER

# DECLARATION OF TRACY J. DRESSNER

I, TRACY J. DRESSNER, declare:

1. I am an attorney admitted to practice before this Court. The facts herein stated are of my own personal knowledge and if called to testify to such facts, I could and would be able to competently and truthfully so testify.

2. I have discussed with Karyn Bucur the possibility of my replacing Darlene Ricker as co-counsel in the Manuel Mendoza federal habeas death penalty case pending before this Court. I am ready, willing, and able to join Ms. Bucur as co-counsel.

3. I have significant experience with both capital and non-capital federal habeas corpus cases:

    a. I have been co-counsel (along with attorney Jay Lichtman) since May 1995 in Earl Lloyd Jackson v. Ylst (CV 95-3286-ER; 9th Cir. case #: 04-99006 & 04-99007), a federal habeas corpus death penalty case. In that case, Judge Rafeedie reversed the special circumstance and penalty phase verdicts. The case is currently at the briefing stage on cross-appeal in the Ninth Circuit.

    b. I was co-counsel (along with attorney Terry Amdur) in another federal habeas corpus death penalty case (Larry David Davis v. Woodford, CV 96-2443-DT; 9th Cir. case #: 01-9901) from April 1996 until September 2005 when my client, Mr. Davis, died in prison. In that case, the guilt and penalty phase verdicts were affirmed by both the District Court and the Ninth Circuit.

    c. I have represented 13 non-capital habeas

petitioners before the United States District Court, seven of which are currently pending in Central District. I have served as counsel in two evidentiary hearings among those 13 cases (<u>Keenan Roberson v. Adams</u>; CV 01-8799-SJO (PLA) and <u>Ricardo Yanez v. Scribner</u>; CV 04-6330-TJH (SGL)). Three of the cases led to Ninth Circuit appeals, including one which is currently pending in the Ninth Circuit.

4. From August 1990 through May 1995, prior to entering private practice, I served as a judicial law clerk for the United States District Court for the Central District of California working exclusively on federal habeas corpus death penalty cases.

5. In addition to federal habeas corpus work, I have significant experience representing defendants on direct appeal in the California courts. Indeed, I have represented over 80 defendants on direct appeal, including 36 defendants convicted of murder. I have argued 4 cases before the California Supreme Court. In addition, I have been co-counsel (with Jay Lichtman) in both the direct appeal and state habeas proceedings in another capital case (<u>People v. Hinton</u>, S037302 & S125276) since October 2001.

6. I have had discussions with Ms. Bucur regarding this case and am aware of the procedural posture of the case as well as the general factual background of the case. Based on my understanding about this case and my current case load, I believe I could take over Ms. Ricker's duties and begin working with Ms.

2

Bucur immediately.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of May, 2006, at La Crescenta, CA.

*Tracy J. Dressner*
TRACY J. DRESSNER

3

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is PO Box 2285, Malibu, California 90265.

At the direction of a member of the bar of this Court, I served the foregoing document described as **"REQUEST FOR RELIEF OF CO-COUNSEL & FOR APPOINTMENT OF SUBSTITUTE CO-COUNSEL"** on May 10, 2006, on all interested parties in this action as follows:

(X)   By mail, I caused said document to be placed in an envelope, with first-class postage thereon fully prepaid, in the United States mail at Malibu, California:

Paul Roadarmel, Esq.
Deputy Attorney General
Office of Attorney General of California
300 S. Spring St., Ste. 500
Los Angeles, CA 90013-1204

Karyn Bucur
Attorney at Law
24881 Alicia Parkway, #E-193
Laguna Hills, CA 92653

Tracy Dressner
Attorney at Law
3115 Foothill Blvd. #M-172
La Cresenta, CA 91214

(X)   By personal service, I personally hand-delivered to the office(s) of the addressee(s):

Capital Case Law Clerks
United States Courthouse – 8th fl.
312 N. Spring Street
Los Angeles, CA 90012

Executed on May 10, 2006, at Malibu, California. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

KAREN VAN HOEPEN